IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | CRIMINAL CASE NUMBER: |
| v. | \| | 1:18-CR-00288-LMM-JSA |
| CHARLES EDWARD POWELL, | \| | |

**REPORT AND RECOMMENDATION**

Defendant has been charged in a one-count Indictment with threatening to murder the Vice President of the United States, with intent to impede, intimidate and interfere with his performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B). The matter is currently before the Court on the issue of whether the Defendant is competent to stand trial. As explained below, based on the unrefuted testimony of the examining psychologist, the Court **RECOMMENDS** that Defendant be declared **INCOMPETENT** to stand trial and that he be further evaluated for potential restoration to competency.

## BACKGROUND

The Government moved for an evaluation of the Defendant's competency on September 11, 2018 [15].  The Government proffered that, in Defendant's post-arrest interview, he claimed that he threatened the Vice President for the sole purpose of being arrested and put into federal protective custody, because the Defendant believed that the "Mexican Mafia" was following him, tracking his ATM usage, and had paid "everyone off" to help track the Defendant down.  *Id*. at 2.  The Government noted that the Defendant had previously been found incompetent and committed to a mental health facility, had been diagnosed with paranoia with grandiose delusions, and was continuing to appear to suffer from mental illness.  *Id*.  The Court thereafter granted the motion for an evaluation, *see* Order [21], and the Defendant was thereafter transported for an evaluation at the Federal Bureau of Prison's facility at the Metropolitan Correctional Center ("MCC") in New York City.

After receiving the report from the examining psychologist, the Court originally convened a competency hearing on January 23, 2019 [23].  The hearing was continued to March 19, 2019 at the Defendant's request, because after originally stipulating to the psychologist's report he decided during the hearing that

he wished to have the opportunity to cross-examine the psychologist. *Id.*[1]  At the March 19, 2019 hearing, the Court heard testimony from the examining psychologist, Kari Schlessinger, Psy.D., Ph.D., as well as from the Defendant.  The Court also received Dr. Schlessinger's report into evidence as Exhibit 1.

Dr. Schlessinger and other evaluators working with her at the MCC reviewed the Defendant's criminal, medical and imprisonment history, interviewed the Defendant, and administered various tests of his mental status and cognitive functioning.  *See* Ex. 1 at 2-12.  She found that the Defendant likely suffers from, among other disorders, Schizophrenia, Multiple Episodes, Currently in Acute Episode.  *Id.* at 13.   As she stated, among other things:

> Mr. Powell presented with paranoid, delusional, and disorganized ideation throughout his clinical interviews.  Specifically, he reported a strong and fixed belief others (e.g., Mexicans, acquaintances, strangers) have been following and targeting him for several years.  Mr. Powell was unable to articulate or provide evidence for these assertions but remained convinced of their veracity; he became disorganized, tangential, and somewhat irritable when queried further regarding his paranoia.  He also presented as alert, anxious, and hypervigilant on interview, frequently looking around at other individuals on the unit and tangentially remarking he believed staff and other inmates were out to get him.  With these factors considered, Mr. Powell appears to evidence paranoid, persecutory, and grandiose delusions with ideas of reference (i.e., interpreting benign events/behavior as pertaining directly to him).

---

[1] The Court in granting this continuance excluded all time through March 19, 2019 from Speedy Trial Act calculations.  The ends of justice in allowing the Defendant the opportunity to cross-examine the witness outweighed his interest and the public's interest in a speedy trial.

> Additionally, Mr. Powell has a reported history of auditory hallucinations (i.e., whispers) for several years, although he denied command auditory hallucinations on clinical interviews. No evidence of catatonic behavior or negative symptoms was noted. He also has a history of numerous hospitalizations, which have reportedly been prompted by disorganized, delusional, and paranoid behavior. Mr. Powell has a history of psychotic disorder diagnoses and prescriptions of various antipsychotic medications. With these factors considered, Mr. Powell currently meets the diagnostic criteria for schizophrenia.

*Id*. at 13-14. Ultimately, Dr. Schlessinger concluded that, as a result of Defendant's mental illness, "Mr. Powell does not currently have a rational understanding for the proceedings against him, nor is he capable of assisting counsel with his defense." *Id*. at 17-18.

No contrary medical opinion evidence was offered at the hearing. The Defendant testified. In a lengthy, rambling statement that appeared consistent with the statements described by Dr. Schlessinger, the Defendant continued to insist that he really was being followed and hunted by Mexican gang members and made his threat to the Vice President for the sole purpose of getting into "protective" custody. He denied that he was delusional about such threats.

After the competency hearing the parties agreed to submit the matter to the Court's determination upon preparation of the transcript, with no requests for briefing.

## DISCUSSION

Title 18, U.S.C. § 4241, *et seq.*, guides the assessment of a defendant's competency in federal criminal proceedings.  Section 4241(d) provides that the Court shall find the Defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ."  18 U.S.C. § 4241(d).  The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

"[T]he relevant competency statute arguably contemplates that the burden will lie with the party making a motion to determine competency," which, here, is the Defendant.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).  *See also United States v. Johns*, 390 Fed.Appx. 963, 970 (11th Cir. 2010) (unpublished) ("Where the defendant files a motion to determine his mental competency, as Johns did in this case, the burden of proof is on the defendant.").

In this case, the Court is satisfied based on the testimony of and report authored by Dr. Schlessinger, which is not refuted from any contrary medical evidence, that the Defendant is currently incompetent to stand trial.  The Court has also considered the testimony of the Defendant, which if anything appears to be consistent with the statements that the Defendant provided to Dr. Schlessinger, and are consistent with and corroborate her conclusions that the Defendant is suffering from paranoid delusions.  The Defendant therefore must be subjected to a further evaluation to determine whether he can be restored to competency.

## CONCLUSION

It is **RECOMMENDED** that the Defendant be declared **INCOMPETENT TO STAND TRIAL** and that the Court issue an Order, pursuant to 18 U.S.C. § 4241(d), committing the Defendant to the custody of the Attorney General for hospitalization in a suitable facility and for further evaluation as to whether Defendant can be restored to competency, that is, "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," § 4241(d)(1), and to recommend the appropriate disposition for the Defendant.  The Court's Order should further re-refer the matter back to the undersigned Magistrate Judge for a hearing, within four months of the

Court's Order, for a hearing on the question of whether Defendant has been restored to competency.

IT IS SO **RECOMMENDED** this 18th day of April, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE