IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NUMBER: |
| v. | 1:18-CR-00288-LMM-JSA |
| CHARLES EDWARD POWELL, | |

## REPORT AND RECOMMENDATION

Defendant has been charged in a one-count Indictment with threatening to murder the Vice President of the United States, with intent to impede, intimidate and interfere with his performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B). The Defendant has previously been found incompetent to stand trial based on schizophrenia, and the Court has ordered treatment to attempt to restore Plaintiff's competency. *See* Order [38]. At the subsequent hearing [55], the Court heard the testimony of the treating psychologist from the U.S. Bureau of Prisons, who opined that such treatment was unsuccessful and that Defendant is likely not restorable. The undersigned accepts this testimony, and thus **RECOMMENDS** that Defendant be declared

**INCOMPETENT AND NOT RESTORABLE**, and that he be evaluated for potential release or hospitalization under the procedures of 18 U.S.C. § 4246.

I.     FACTS

The Court incorporates the factual record and findings embodied in its previous Report and Recommendation, and the Order adopting same.  [32][38].  In sum, the Court adopted the testimony of examining psychologist, Kari Schlessinger, Psy.D., Ph.D., who found that the Defendant likely suffered from, among other disorders, Schizophrenia, Multiple Episodes, Currently in Acute Episode, presented with paranoid, delusional and disorganized thinking, and had neither a rational understanding for the proceedings against him, nor the ability to assist counsel with his defense.  [32] at 3-4.  On this basis, the Court found Defendant to be incompetent to stand trial, and ordered Defendant to be subjected to a period of treatment to attempt to restore competency.

The Defendant was thus hospitalized at the Federal Medical Center in Butner, NC for treatment by psychologist Dr. Adeirre Stribling Riley, Ph.D., and other medical professionals.  After a lengthy period of treatment, Dr. Stribling Riley produced an expert report that opined that Defendant's competency was not successfully restored and was unlikely to be able to be restored.  The Court held a second competency hearing on May 1, 2020 [55], at which Dr. Stribling Riley and

the Defendant both testified, and the Court accepted Dr. Stribling Riley's report into evidence.

Dr. Stribling Riley explained that the medical staff at FMC Butner attempted to treat Defendant's conditions, including through medication. However, Dr. Stribling Riley testified that the treatment was unsuccessful and that no further treatment would likely succeed. As Dr. Stribling Riley explained:

> The prognosis for Mr. Powell is poor. His medication compliance was quite good; however, he remained symptomatic despite the medication intervention. So there was not sufficient efficacy for Mr. Powell's symptoms to be in remission despite the level of medication that he was on. And so in consultation with psychiatry, the decision was that he would not be restored to competency given that he had -- he had reached the maximum efficacy of the medication ordered for him.

Tr. [56] at 17.

## DISCUSSION

Section 4241 authorizes the hospitalization and treatment of a defendant who has been determined to be not competent, to determine whether there is a substantial probability that the defendant will attain the capacity to permit the proceedings to go forward. If at the end of the period of hospitalization it is determined that the defendant's mental condition has not so improved to permit

proceedings to go forward, then the defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.  18 U.S.C. § 4241(d).

Section 4246(a) specifically provides:

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a).

The Court accepts and credits the testimony from Drs. Schlessinger and Stribling Riley.  These experts, together, opine that Defendant is not competent to stand trial and is not likely able to be restored to competency.  No other contradictory medical testimony has been offered in this case.  The Court has considered the testimony of the Defendant at both hearings.  In this testimony, to

the limited extent that it was decipherable, the Defendant has continued to fervently explain that he is subject to threats from the "Mexican Mafia"; that he has in the past been placed in protective law enforcement custody as a result of these threats; that he needs to be back in protective custody; and that he threatened the Vice President solely as a ploy to get back into "protective" custody.  The Court finds that this testimony, if anything, is consistent with the findings and opinions of Drs. Schlessinger and Stribling Riley and are part of the symptoms of delusion and paranoia that they describe.  The Court also perceives that the nature, fervency, irrationality, and obsessiveness of Defendant's testimony in the second hearing was little changed from that displayed in the first hearing, after several months of apparently unsuccessful treatment.

Accordingly, I recommend that the Defendant be found incompetent to stand trial and not restorable, and that the case proceed under the procedures of 18 U.S.C. § 4246.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendant be declared **NOT COMPETENT TO STAND TRIAL AND NOT RESTORABLE** and that the Defendant be **COMMITTED** to the custody of the Attorney General for transport to and hospitalization at FMC Butner, or another appropriate Federal

Medical Center, so that the Director of the facility can determine whether a formal certification should issue under 18 U.S.C. § 4246.

IT IS SO **RECOMMENDED** this 29th day of May, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE